```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
ROBERT LARGO,
```

      Movant,      **MEMORANDUM AND ORDER**
                  Case No. 03-CV-672 (FB) (LB)

 -against-

THOMAS POOLE,

      Respondent.
---------------------------------------------------x

*Appearances:*

| For the Movant: | For the Respondent: |
|---|---|
| ROBERT LARGO, *pro se* | JOHN CASTELLANO, ESQ. |
| #99-A-2746 | MICHAEL TARBUTTON, ESQ. |
| Five Points Correctional Facility | Queens County DA's Office |
| State Route 96 | Appeals Bureau |
| PO Box 119 | Kew Gardens, New York 11415 |
| Romulus, New York 14541 | |

**BLOCK, Senior District Judge:**

  Robert Largo is in custody after convictions in New York Supreme Court, Queens County, for, *inter alia*, rape, burglary, robbery, assault, sexual abuse, and criminal possession of a weapon. He was sentenced to a term of 45 years to life. The Second Appellate Division affirmed the judgment in 2001. *See People v. Largo*, 722 N.Y.S.2d 809 (2d Dep't 2001). In 2004, the Court denied Largo's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *See Largo v. Griener*, 2004 WL 725319 (E.D.N.Y. March 4, 2004). Largo now moves for relief from judgment pursuant to Fed. R. Civ. P. 60(b). For the following reasons the motion is denied.

# I

## A. Ineffective Assistance of Counsel

In his § 2254 petition, Largo argued that "trial counsel was ineffective for failing to more vigorously cross-examine the detective at the *Wade* hearing" about whether the detective had shown the victim the clothing that Largo wore in the line-up. *Griener*, 2004 WL 725319, at *2. Largo now argues that the Court improperly disposed of his claim by holding it procedurally barred. But although the Court acknowledged that the government had argued that the claim was procedurally barred, it performed the substantive analysis and held that "ultimately, Largo's claims lack merit" because he could not demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

Furthermore, Largo must recognize that the Court reached the merits, because later in his supporting memorandum he argues that the Court erred by failing to hold a hearing before it reached the merits of his ineffective assistance of counsel claim. In making his argument, however, Largo simply assumes that the Court erred when it analyzed the claim and found it to be meritless—but he fails to explain how and instead provides little more than conclusory assertions.

## B. Fraud on the Court

Largo asserts that there were photographs of the line-up showing him in a windbreaker jacket, that the State's attorney had seen the photographs, and that based on the photographs the attorney knew that a detective testified falsely when he said he showed the victim clothing consisting of a bandana and a "kind of big jacket." *Griener*, 2004 WL 725319, at *4 (citing Trial Tr. at 682-83). These familiar arguments are another effort to have the Court reconsider Largo's previous claim that the line-up was unduly suggestive. As the Court stated in its prior decision, nothing in the record or in the testimony from the trial—where Largo's allegations about the clothing were thoroughly explored—supports his claim. *Id.*(citing Trial Tr. at 513, 601).

## II

Largo's Rule 60(b) motion is denied. Because he has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue.

**SO ORDERED.**

_/S/ Frederic Block_
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 10, 2014